UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOLIETTE S.H. ex rel. I.Z.S.H.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C25-1171-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

On behalf of her minor child, plaintiff appeals the denial of I.Z.S.H.'s application for Supplemental Security Income. She contends the ALJ erred by (1) failing to explain how I.Z.S.H. was assessed with less than a marked limitation in the ability to attend and complete tasks; and (2) improperly discounting the consulting examinations by Dr. Shirley Deem and Dr. David Widlan that support a marked limitation in the ability to attend and complete tasks. Dkts. 12, 17. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

I.Z.S.H. is currently under 18 years old and her application for benefits was protectively filed on her behalf in July 2022, with an alleged disability onset date from the date of her birth in March 2011. Tr. 240–49. Her claim was denied initially and on reconsideration in 2022. The

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 1

ALJ conducted a March 2024 telephone hearing at which I.Z.S.H. and her mother both testified. Tr. 36–67. The ALJ conducted a supplemental hearing in July 2024, at which plaintiff's counsel cross-examined impartial medical expert ("ME") Dr. Bradley John Bradford. Tr. 68–85.

An ALJ employs a three-step sequential evaluation process to determine whether a claimant under age 18 is disabled: (1) Is the claimant engaging in substantial gainful activity ("SGA")? (2) Does the claimant have an impairment or combination of impairments that is severe? (3) Does the claimant's impairment or combination of impairments meet, medically equal, or functionally equal a listed impairment? 20 C.F.R. § 416.924(a). In an August 2024 decision, the ALJ found that I.Z.S.H. had not engaged in substantial gainful activity. Tr. 18–19. At step two, the ALJ found I.Z.S.H. has the following severe impairments: borderline intellectual functioning; and specific learning disorders in reading, math, and written language. Tr. 19. At step three, the ALJ first determined that I.Z.S.H. does not have an impairment or combination of impairments that *meets* or *medically equals* a listing, including Listing 112.11 (neurodevelopmental disorders for children between 3 and 18 years). Tr. 19. The ALJ then proceeded to determine whether I.Z.S.H. has an impairment or combination of impairments that *functionally equals* a listing by evaluating the whole child with respect to six domains. 20 C.F.R. § 416.926a; SSR 09-1p; SSR 09-2p. To functionally equal the listings, an impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.924(d), 416.926(a), 416.926a(a). The ALJ found that I.Z.S.H. has: (1) a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than a marked limitation in the ability to care for herself; and (6) less than a marked

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

limitation in health and physical well-being. Tr. 20–30. The ALJ found I.Z.S.H. does not have an impairment or combination of impairments that functionally equals a listing because she does not have either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning. Tr. 30. The ALJ therefore found I.Z.S.H. to be not disabled. *Id.* As the Appeals Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–3.

## DISCUSSION

Plaintiff contends the ALJ erred by failing to consider adequately (1) evidence I.Z.S.H. had marked limitations in attending and completing tasks; and (2) the opinions of Drs. Deem and Widlan that would support marked limitations in attending and completing tasks. Plaintiff argues these errors were harmful because if I.Z.S.H. were found to have marked limitations in two domains, she would have impairments functionally equivalent to a listing. The Court finds the ALJ's decision was supported by substantial evidence and not marred by harmful, legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012).

### 1.  Limitation in Attending and Completing Tasks

Plaintiff argues the ALJ's decision failed to meaningfully analyze the functional domains in that the ALJ's general summary of the evidence "did not address I.Z.S.H.'s comprehensive amount of help and adaptations as to her ability to function or compare her functioning with her same-aged peers that do not need extra help and adaptations or have any impairments." Dkt. 12, at 5. Plaintiff contends had the ALJ done so, he would have determined I.Z.S.H. had a marked limitation in attending and completing tasks, just as she had a marked limitation in acquiring and using information. This contention is unpersuasive because plaintiff proffers at best an alternative interpretation of the evidence that does not demonstrate the unreasonableness of the

ALJ's reconciliation of conflicting evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (where the evidence is susceptible to more than one rational interpretation, a reviewing court must uphold the Commissioner's interpretation).

The ALJ sent interrogatories to impartial medical expert Dr. Bradford. Tr. 639–46. In his response, Dr. Bradford considered and rejected I.Z.S.H. met or medically equaled a listing, specifically referring to Listings 112.02 (neurocognitive disorders for children ages 3 to 18) and 12.05 (intellectual disorders). Tr. 641. In examining the six domains relevant to evaluating the functional equivalent of a listing, Dr. Bradford opined while I.Z.S.H. had a marked limitation on acquiring and using information, she had a "less than marked" limitation on attending and completing tasks. Tr. 644. Dr. Bradford explained this functional limitation by citing Dr. Deem's September 2024 pediatric physical exam that noted "emotional issues and difficulty follow[ing] directions." Tr. 644. On questioning by plaintiff's counsel at the supplemental hearing, Dr. Bradford explained he opined less than marked limitation in attending and completing tasks because there was no formal diagnosis of ADHD, no medication targeting ADHD, no ADHD evaluation, and I.Z.S.H's special education targeted only the learning disability. Tr. 79. Moreover, Dr. Bradford noted although he generally found teacher's evaluations to be trustworthy, he opined *more* limitations than did I.Z.S.H.'s teacher regarding acquiring and using information and attending and completing tasks due to Dr. Deem's and Dr. Widlan's examinations. Tr. 76–82. I.Z.S.H.'s special education teacher, who taught reading and writing to I.Z.S.H. for three-quarters of the year for an hour per day, opined not only that I.Z.S.H. had no problems in acquiring and using information, but also that I.Z.S.H. had no problems in attending and completing tasks and that her functioning in this domain appeared age-appropriate. Tr. 420–21.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 4

The ALJ found Dr. Bradford's expert opinion to be persuasive and reconciled conflicting information about I.Z.S.H.'s limitation on attending and completing tasks. Tr. 28. For example, the ALJ noted while I.Z.S.H.'s mother referred to her daughter having difficulty in emotionally regulating herself, IEP records did not suggest this problem and teacher questionnaires noted I.Z.S.H.'s independence. Tr. 28–29. To the extent I.Z.S.H. had greater than no limitation on attending and completing tasks, the ALJ cited as persuasive Dr. Deem's observation that I.Z.S.H. was unable to perform all of the tasks because she did not follow instructions. Tr. 30. The ALJ noted while in 2024, I.Z.S.H.'s special education teacher suggested no limitation on her ability to attend and complete tasks, Dr. Bradford's opinion of less than marked limitation on attending and completing tasks appeared to be more reflective of the record. Tr. 28; *see, e.g.*, Tr. 24 (noting that in 2022, I.Z.S.H.'s special education teacher referred to her having only "slight" problems in attending and completing tasks with respect to carrying out multi-step instructions, organizing her own things or school materials, and working without distracting herself and others) (citing Tr. 346).

Although plaintiff argues the ALJ did not consider the extent to which I.Z.S.H. lagged behind her peers, the ALJ did not harmfully err by relying upon expert medical testimony as well as teacher evaluations that explicitly stated I.Z.S.H.'s functioning appeared age-appropriate and showed anywhere from "slight" limitation on the ability to attend and complete tasks to "no" limitation to attend and complete tasks. *See* Tr. 346, 421. Plaintiff appears to suggest I.Z.S.H.'s enrollment in special education itself is sufficient to show that she has a marked limitation in attending and completing tasks. Dr. Bradford explained, however, that I.Z.S.H.'s learning disability led to opining a marked limitation in acquiring and completing tasks. Tr. 79, 644. Similarly, in 2022, I.Z.S.H.'s special education teacher noted that I.Z.S.H. had serious problems

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

with certain aspects of acquiring and using information but only slight problems with certain aspects of attending and completing tasks. Tr. 345–46.

Plaintiff also argues, prior to examining functional equivalency to a listing, the ALJ failed to adequately explain why I.Z.S.H. did not meet or equal Listing 112.11 for neurodevelopmental disorder in children ages 3 to 18. Dkt. 12, at 9–10. Plaintiff cannot show the ALJ's evaluation of Listing 112.11 was erroneous or harmful. Listing 112.11 provides, in addition to demonstrating that a child demonstrates significant difficulties learning and using academic skills, the child must have an extreme limitation of one, or marked limitation of two, of four areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Plaintiff cites to educational notes that refer to I.Z.S.H. being distractable and not completing an assignment, but it was not unreasonable for the ALJ or ME Dr. Bradford to have interpreted such notes as referring primarily to a marked limitation on understanding, remembering, or applying information while referring to some difficulty below a marked level with respect to concentrating, persisting, or maintaining pace. The cited notes show few references to the domain of concentration, persistence, and pace, instead focusing on I.Z.S.H.'s learning difficulties. Tr. 430–31, 433, 437, 490, 492–93, 494, 495. Moreover, though the ALJ found that I.Z.S.H.'s impairments did not meet or equal Listing 112.11, he proceeded to examine extensively whether her impairments functionally equaled a listing, rendering harmless any error in evaluating Listing 112.11.

The ALJ supported with substantial evidence the determination that I.Z.S.H. had less than a marked limitation on attending and completing tasks. The ALJ therefore did not harmfully err

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 6

in determining that I.Z.S.H.'s impairments or combination of impairments did not meet, medically equal, or functionally equal a listed impairment.

### 2. Opinions of Drs. Deem and Widlan

Plaintiff contends the ALJ failed to reconcile conflicts between his attending and completing tasks domain finding and the opinions of Drs. Deem and Widlan, which harmfully resulted in an RFC assessment that is not supported by substantial evidence and prevents meaningful review. This contention is unpersuasive.

The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### a. Dr. Deem

In February 2024, physician Dr. Deem examined I.Z.S.H. and offered her medical evaluation. Dr. Deem opined, "Attending and completing tasks: She was not able to perform all of the tasks because she did not follow instructions" and "Acquiring and using information: She

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

was not following instructions." Tr. 611. The ALJ found Dr. Deem's opinion on these points generally persuasive because "[i]t is supported by Dr. Deem's observation and findings and is generally consistent with the claimant's IQ scores and learning disabilities." Tr. 30. That is, the ALJ found Dr. Deem's opinion to be supported by her clinical examination and consistent with evidence that I.Z.S.H. had a marked limitation on acquiring and using information, as well as less than a marked limitation on attending and completing tasks.

Plaintiff contends that the only proper way to read Dr. Deem's opinion is to determine that Dr. Deem opined I.Z.S.H. was markedly limited in attending and completing tasks. The Court disagrees. A marked limitation is defined as follows:

> We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). In finding ME Dr. Bradford's opinion to be persuasive, the ALJ found Dr. Deem's opinion to be more persuasive than, and inconsistent with, the most recent evaluation by I.Z.S.H.'s special education teacher, who stated I.Z.S.H. had no limitation in either domain. Tr. 28, 30. That is, in assessing a less than marked limitation in attending and completing tasks, the ALJ concluded I.Z.S.H. has as much as a moderate limitation in that domain, in contradiction to the 2024 teacher assessment of no limitation and the 2022 teacher assessment of a "slight" limitation in certain aspects of that domain. *See* Tr. 346, 421. This conclusion was supported by substantial evidence and plaintiff has not demonstrated this interpretation of the evidence was unreasonable.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 8

### b. Dr. Widlan

In January 2024, psychologist Dr. Widlan examined I.Z.S.H. and offered an evaluation. As plaintiff notes, Dr. Widlan opined limitations related to attending and completing tasks that could be interpreted to be marked. Tr. 567–79. As the ALJ accurately summarized, Dr. Widlan opined I.Z.S.H. could perform a designated task or function but would have noticeable difficulty more than 20% of the workday/work week (4 on a 5-point scale) with respect to carrying out detailed instructions; maintaining attention and concentration for extended periods of time; sustaining an ordinary routine without special supervision; and accepting instructions and responding appropriately to criticism from supervisors. Tr. 28–29; *see* Tr. 576. Dr. Widlan also opined I.Z.S.H. would have a more moderate limitation of having noticeable difficulty from 11 to 20 percent of the workday/work week (3 on a 5-point scale) in seven other domains of sustained concentration and persistence. Tr. 29; *see* Tr. 576. The ALJ determined Dr. Widlan's opinion was supported by his IQ testing and I.Z.S.H.'s need for IEPs but found it to be largely unpersuasive as inconsistent with other record evidence. Tr. 29.

> For example, while the claimant's mother reported that the claimant cries and yells on a daily basis, she is receiving no treatment for any such complaints, and such reported difficulty with emotional regulation is not noted in the IEPs or teacher questionnaires. Additionally, the claimant was not observed to have difficulty interacting and relating with others, and does not have a behavior intervention plan at school. Moreover, as to the claimant's purported difficulty adapting, she as noted to be "very independent" at school and problems were noted neither by the teachers nor in the IEP reports.

Tr. 29.

Plaintiff argues the ALJ did not adequately explain why Dr. Widlan's opinion supported less than marked rather than a marked limitation on attending and completing tasks. Dkt. 12, at 13–14. The Court disagrees. Tasked with reconciling conflicting evidence, the ALJ determined

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 9

that Dr. Widlan's opinion was supported by his own examination but was inconsistent with other aspects of the record that suggested either no limitation or some limitation less than marked. Plaintiff offers a plausible, alternative interpretation of the evidence that, on review, is insufficient to demonstrate harmful error.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 3rd day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 10